Filed 6/17/14  P. v. Tzun CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E059819 |
| v. | (Super.Ct.No. RIF147165) |
| JUAN ZACARIAS TZUN, | **OPINION** |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Mark E. Johnson.

Affirmed.

Denise M. Rudasill, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

# I

## INTRODUCTION

On December 3, 2008, a complaint charged defendant and appellant Juan Zacarias Tzun and two co-defendants with robbery under Penal Code[1] section 211. On March 26, 2009, the People moved to amend the complaint to add count 2, grand theft person, under section 487, subdivision (c); the court granted the motion.

On the same day, defendant signed a written plea agreement and pled guilty to count 2 for grand theft person. The remaining robbery count was dismissed at the request of the People. Pursuant to the terms of the plea agreement, the trial court withheld imposition of sentence and granted defendant three years of formal probation with 120 days in the Sheriff's work program.

Almost five years later, on October 1, 2013, an ex-parte hearing was held on defendant's motion to set aside judgment, to withdraw plea, and to vacate the case. Defendant's motion raised a section 1016.5 claim that the trial court failed to properly advise him of the immigration consequences of his plea; and a non-statutory claim that his counsel rendered ineffective assistance of counsel because she failed to inform him of the immigration consequences of his guilty plea, investigate the consequences, or attempt to negotiate a plea that would not affect his immigration status. The trial court denied defendant's motion because too much time had elapsed for presentation of a motion to set aside the plea.

---

[1] All statutory references are to the Penal Code unless otherwise specified.

On October 9, 2013, defendant filed a timely notice of appeal from the denial of his motion.

## II

## STATEMENT OF FACTS

On November 27, 2008, defendant committed grand theft person by unlawfully taking property from Vicente Mejia, without his consent, with the intent to steal.

On March 26, 2009, when defendant pled guilty to this offense, he was not a citizen of the United States. The trial court did not orally inform defendant of the possible three immigration consequences listed in section 1016.5. Defendant, however, did sign a written plea agreement and initialed the box next to the immigration consequences statement that read as follows:

"If I am not a citizen of the United States, I understand that this conviction may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States."

During the plea colloquy, the trial court questioned defendant regarding his understanding of all the consequences listed in the written plea agreement, as follows:

"The Court: . . . I have a yellow felony plea form, two pages of probation terms, and referral forms to the Sheriff's Labor Program. Did you review all these forms with your attorney and with the assistance of an interpreter?

"The Defendant: Yes.

"The Court: Did you understand everything on the forms?

"The Defendant: Yes.

3

"The Court: Do you understand all of your rights as explained on the forms?

"The Defendant: Yes.

"The Court: Do you understand all of the consequences of pleading guilty as explained on the forms?

"The Defendant: Yes.

"The Court: And did you initial and sign where indicated because you understand them?

"The Defendant: Yes. . . ."

When defendant was eventually taken into immigration custody and held at the Adelanto Federal Immigration Detention Facility and facing deportation based on the current conviction, he filed a motion for order to set aside judgment and to withdraw plea and vacate case. Defendant claimed that neither the trial court nor his counsel had informed him of the immigration consequences of pleading guilty to grand theft person and that he would not have pled guilty had he known of the immigration consequences. Defendant was subsequently deported to Guatemala.

## III

## ANALYSIS

After defendant appealed, and upon his request, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738 setting forth a statement of the case, a summary of the facts, and potential arguable issues, and requesting this court to undertake a review of the entire record.

4

We offered defendant an opportunity to file a personal supplemental brief, but he has not done so.  Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have conducted an independent review of the record and find no arguable issues.

## IV

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RICHLI
J.

We concur:

RAMIREZ
P. J.

MILLER
J.